Filed 8/26/25  P. v. Young CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B338064 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. |
| v. | No. NA103854) |
| MOSES JEROME YOUNG, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Laura L. Laesecke, Judge.  Reversed and remanded with directions.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Michael J. Wise, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Moses Jerome Young appeals from the trial court's order denying his motion for resentencing under Penal Code section 1170.91.[1]  Because the court did not follow the required procedures for adjudicating the motion, we reverse and remand for further proceedings.

## BACKGROUND

### I. *Facts*[2]

Appellant entered a fast food restaurant, jumped over the counter, pointed a gun at the cashier, and took money.  In a "separate incident[,]" appellant "had narcotics and a 357 revolver."

### II. *Conviction and Sentencing*

On June 29, 2017, appellant pled no contest to second degree robbery (§ 212.5, subd. (c)) and admitted that he personally used a firearm (§ 12022.53, subd. (b)).  In a separate case, he pled no contest to possession of a controlled substance while armed.  (Health & Saf. Code, § 11370.1, subd. (a).)  The trial court sentenced appellant to an aggregate prison term of 14 years for both cases.

### III. *Section 1170.91 Motion for Resentencing*

On March 11, 2024, appellant filed a petition for writ of habeas corpus requesting to be resentenced pursuant to section 1170.91, which allows individuals convicted of some

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     The record on appeal contains minimal information about the facts underlying appellant's convictions.  We draw this summary from the trial court's comments during appellant's plea and sentencing hearing in 2017.

felonies to seek recall and resentencing so that certain mitigating factors related to military service can be considered. Appellant alleged that he had "honorably served in the United States Military" and suffered from posttraumatic stress disorder (PTSD). Among other exhibits, appellant attached a letter dated April 28, 2022, from the Department of Veterans Affairs indicating that defendant (1) is a veteran; (2) served in the Navy "[u]nder [h]onorable [c]onditions" from 1997 to 2007; and (3) suffered from "[s]ervice [c]onnected" noncombat PTSD. Appellant also attached mental health treatment records from 2022, as well as the transcript from his June 29, 2017, sentencing hearing.

IV. *Trial Court's Ruling*

The trial court construed appellant's petition as a motion for resentencing under section 1170.91. On April 2, 2024, with no parties present, the court denied the motion. In a written order, the court explained:

"Penal Code section 1170.91 took effect in 2015, prior to the filing of both cases. Since the law was in effect at the time of the plea, it is presumed that counsel was aware of it and would have taken action had [appellant] been eligible to benefit from it.

"At the time of the plea negotiations, defense counsel informed the court and prosecuting attorney that [appellant] was a veteran of the military and had some 'difficulties related to that' . . . . However, simply being a veteran does not entitle a person charged with a crime to a lesser sentence. The code requires that the person have 'a condition or trauma' related to their service *which was a factor in the crime charged*. [Appellant] has provided proof that he was discharged from the Navy in 2007, that he was diagnosed with noncombat PTSD and that he

3

suffers from anxiety. However, he has failed to provide any proof that PTSD or anxiety played a role in his armed robbery of a Jack-in-the Box or his possession of narcotics for sale while in possession of a gun."

V. *Appeal*

Appellant's timely appeal ensued.

## DISCUSSION

I. *Standard of Review*

We interpret the requirements of section 1170.91 de novo. (See *People v. Bonilla-Bray* (2020) 49 Cal.App.5th 234, 237 (*Bonilla-Bray*).)

II. *Relevant Law*

If a trial "court concludes that a defendant convicted of a felony offense is, or was, a member of the United States military who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of the defendant's military service," the court is required to "consider the circumstance as a factor in mitigation when imposing a sentence." (§ 1170.91, subd. (a); see also *People v. Sherman* (2023) 91 Cal.App.5th 325, 329.)[3]

Section 1170.91, subdivision (b) provides a procedural mechanism for a defendant "currently serving a sentence for a felony conviction, whether by trial or plea," to petition for

---

[3]    Section 1170.91 "does not apply to a person convicted of, or having one or more prior convictions for, an offense specified in [section 667, subdivision (e)(2)(C)(iv)] or an offense requiring registration pursuant to [section 290, subdivision (c)]." (§ 1170.91, subd. (c).) These exclusions are not relevant to this appeal.

4

resentencing "if the circumstance of suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of the person's military service was not considered as a factor in mitigation at the time of sentencing."  (§ 1170.91, subd. (b)(1).)

Upon receiving a section 1170.91 petition for resentencing, the trial court must hold "a public hearing" to determine whether the defendant satisfies the statutory criteria for relief. (§ 1170.91, subd. (b)(3).)  The prosecution, the defense, and any victim must be given at least 15 days' notice of the hearing. (*Ibid.*)  "At that hearing, the prosecution shall have an opportunity to be heard on the [defendant]'s eligibility and suitability for resentencing."  (*Ibid.*)

If the trial court finds that the defendant satisfies the criteria for relief, "the court may, in the interest of justice," reduce the sentence or "[v]acate the conviction and impose judgment on any necessarily included lesser offense or lesser related offense, whether or not that offense was charged in the original pleading, and then resentence the defendant to a reduced term of imprisonment with the concurrence of both the defendant and the" prosecutor.  (§ 1170.91, subd. (b)(3)(A)-(B).)

III.  *Analysis*

We agree with appellant that the trial court erred by denying his motion for resentencing without holding a properly noticed "public hearing" as required by section 1170.91, subdivision (b)(3).

Appellant filed a facially sufficient motion under section 1170.91, subdivision (b)(1) indicating that he served in the military and suffers from service-connected PTSD and mental health problems.  Appellant attached as an exhibit the transcript

5

from his original sentencing hearing, which does not reflect that these circumstances were actually considered by the trial court as a mitigating factor.

Under section 1170.91, subdivision (b)(3), the trial court was thus obligated to hold "a public hearing" with at least 15 days' notice given to the prosecution, the defense, and any victim of appellant's crimes, where it could determine if he satisfied the statutory requirements for relief and, if so, whether resentencing was warranted. The court's denial of appellant's motion without holding such a hearing was improper.

*Bonilla-Bray*, *supra*, 49 Cal.App.5th 234 is instructive and supports reversal here. In that case, the defendant filed a petition alleging that he met the statutory requirements under section 1170.91, subdivision (b). (*Bonilla-Bray*, *supra*, at p. 239.) "Nevertheless, soon after receiving [the] defendant's petition, the [trial] court—with no parties present and no apparent notice to [the] defendant or the prosecution—summarily denied [the] defendant's petition." (*Ibid.*) The Court of Appeal found the summary denial to be improper and reversed and remanded with directions for the lower court to hold a hearing. (*Id.* at pp. 236, 239.)

The People do not cite *Bonilla-Bray*, let alone attempt to distinguish it. Rather, the People contend that appellant's claim is forfeited on appeal because he knew about his service-connected PTSD at the time of his original 2017 sentencing but failed to raise it. We disagree. The evidence submitted by appellant in connection with his section 1170.91 motion regarding his PTSD and mental health problems did not exist in 2017, as it is dated from 2022. Even if other similar evidence was available in 2017, we decline to find forfeiture because appellant

6

claims that any failure to present such evidence constituted ineffective assistance of counsel. (See *People v. Welch* (1999) 20 Cal.4th 701, 759–760 ["Because defendant also claims that the failure to object . . . amounted to ineffective assistance of counsel, we will consider the merits"].)

The People also argue that the trial court did consider the impact of defendant's military service at the 2017 sentencing hearing, pointing to appellant's trial counsel's statement at the original sentencing that appellant "is a veteran, and has had some difficulties related to that." But mere consideration of military service and related "difficulties" is not at issue here. Defendant is entitled to petition for resentencing under section 1170.91, subdivision (b)(1) if, as relevant here, "the circumstance of suffering from . . . post-traumatic stress disorder . . . or mental health problems as a result of [his] military service was not considered as a factor in mitigation at the time of sentencing." Nothing in the appellate record indicates that the sentencing court in 2017 was aware of or actually considered defendant's service-related PTSD or mental health problems as a mitigating factor, nor did the court in 2024 deny the motion on that basis.

Finally, the People argue that, in denying appellant's section 1170.91 motion, the trial court "considered the fact of appellant's military service upon the instant crime" and found no proof that his PTSD or anxiety was a factor in the commission of the crimes. This is not a ground to deny a section 1170.91 petition without holding a hearing. "The statute does not require the petitioner to allege that the qualifying condition actually contributed to the commission of the crime." (*People v. Coleman* (2021) 65 Cal.App.5th 817, 824.)

## DISPOSITION

The order denying defendant's section 1170.91 motion is reversed. The case is remanded for the trial court to conduct a noticed public hearing in accordance with section 1170.91, subdivision (b)(3).

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
ASHMANN-GERST


We concur:


_____, P. J.
LUI


_____, J.
CHAVEZ